

## Case No. 4,879.

### FLORA v. The GLOBE.

[See Case No. 5,484.]

## Case No. 4,880.

### The FLORENCE.

[2 Flip. 56;[1] 23 Int. Rev. Rec. 105; 4 Cent. Law J. 249; 2 Cin. Law Bul. 60.]

District Court, E. D. Michigan. June Term, 1877.

Geo. W. Moore, for libellant.
H. A. Swan, contra.

BROWN, District Judge. The principal question discussed upon the argument related to the jurisdiction of the court. The libel sounds in tort, and it was strenuously insisted by claimant's advocate that no lien attached to the scow for the conversion of the lighter, both parties conceding that claimant took possession of her without authority from the owner. Cases of spoliation and damage are of admiralty and maritime jurisdiction. These include illegal seizures or depredations upon vessels or goods afloat. Every violent dispossession of property on the ocean is, prima facie, a maritime tort, and as such belongs to the admiralty jurisdiction. Benedict, §§ 310, 311. And the owners of a vessel are liable for torts committed by the master in the course of his employment.

There can be no doubt that if this were a case of contract—that is, if the agent of whom the claimant hired the scow, and whom claimant in good faith believed to have authority to loan it, had in fact possessed that authority, a libel in rem could have been sustained for the use of the lighter. A person furnishing a small boat or a lighter for the use of a vessel has as valid a lien upon her as though he had furnished an anchor, a compass, a chronometer, or any other of the articles usually denominated materials. In the case of The Dick Keys [Case No. 3,898], Mr. Justice McLean held that, where the master of a steamboat, on her behalf, agreed to pay $20 per day for the use of a barge, a libel might be maintained against the steamboat for the amount. Mr. Parsons says (2 Pars. Shipp. & Adm. 148): "If a barge is necessary to a steamboat, its hire to it will be regarded as material furnished for its equipment;" citing Amis v. The Louisa, 9 Mo. 621; Gleim v. The Belmont, 11 Mo. 112; The Kentucky v. Brooks, 1 G. Greene, 398,—cases which fully sustain the text of the learned commentator.

Now, upon principle, it is difficult to say why, if an action in rem will lie for the use or value of property lawfully obtained, a similar action will not lie for the use or value of property unlawfully obtained; in other words, where the wrong is greater, the remedy should not be less. The general rule with regard to torts seems to be, that the owners and the vessel are liable for all

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]